UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>      Plaintiff,<br><br>vs.<br><br>TERESA BALLARD, as Personal Representative of the Estate of EVELYN ROSE CAIN, and PATRICK K. CAIN,<br><br>      Defendants. | 8:11CV411 |

**FINAL DECREE AND JUDGMENT OF INTERPLEADER**

This order coming before the Court on the Parties' Agreed Motion for Entry of a Final Decree of Interpleader (Filing No. 24), due notice having been given and the Court being fully advised that:

    1.    On December 6, 2011, North American Company for Life and Health Insurance (NACOLAH), as a disinterested and innocent stakeholder, filed its Complaint of Interpleader against Defendants, Teresa Ballard, as Personal Representative of the Estate of Evelyn Rose Cain and Patrick K. Cain, pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1332, to resolve competing claims to the insurance proceeds payable pursuant to a life insurance policy, Policy No. LBB103070 (the "Policy") insuring the life of Evelyn Rose Cain.

    2.    On March 5, 2012, NACOLAH filed a Stipulated Motion for Leave to Deposit its Admitted Liability. Pursuant to the Motion and the Court's Order, NACOLAH deposited $159,323.63 into the Court Registry on March 16, 2012, which represented NACOLAH's admitted liability, plus post-death interest, and which is subject to this Court's further orders as to whom among the defendants is entitled to receive those proceeds.

    3.    As affirmatively appears from this Court's file and docket, Defendants Teresa Ballard, as Personal Representative of the Estate of Evelyn Rose Cain and Patrick K. Cain have appeared through Counsel and have each answered the Complaint of Interpleader.

Defendants also filed "counterclaims," which are their respective cross-claims against one another and to the funds on deposit.

4.   Defendants agree they have not asserted any claims against NACOLAH in this action, as NACOLAH is a disinterested and innocent stakeholder, and is not responsible for creating the conflicting claims to the funds that are now on deposit with the Court Registry.

5.   This Court has jurisdiction over the subject matter of this cause and personal jurisdiction over the Defendants.

6.   Defendants agree that NACOLAH has done all that is required by law to perfect its right to interpleader relief as prayed for in its Complaint of Interpleader.

7.   Defendants agree that an order should be entered by the Court discharging NACOLAH and its owners, successors, assigns, representatives, agents, attorneys, and all of its affiliated companies, including officers, directors and employees, from any and all liability to Defendants Teresa Ballard, as Personal Representative of the Estate of Evelyn Rose Cain and Patrick K. Cain, and to any person or entity claiming through them and arising from or relating to the Policy.

8.   Defendants agree that they and any person or entity claiming through them should be permanently restrained from instituting or prosecuting any claim against NACOLAH in any federal, state or administrative court or other forum, arising from or relating to the Policy.

9.   Defendants agree NACOLAH is entitled to an award of attorneys' fees from the interpleader fund in the negotiated amount of $3,000. NACOLAH agrees to accept the $3,000 in full and complete satisfaction of its claim to attorneys' fees, interest, costs of court, and other expenses from or relating to the Policy and its Complaint of Interpleader.

10.  Defendants agree that this Court should enter an order authorizing and directing the Clerk to draw a check on the funds on deposit in the Court Registry in the amount of $3,000, principal only, and not to include the payment of any interest, as an award of attorneys' fees in connection with the bringing of this action, payable to "North American Company for Life and Health Insurance," to be mailed to its attorney Jeanne

Weaver, HOTZ, WEAVER, FLOOD, BREITREKUTZ & GRANT, 444 Regency Parkway Drive, Suite 310, Omaha, NE 68114.

11.   Defendants agree NACOLAH should be dismissed from this action with prejudice and that NACOLAH can be excused from further attendance on this cause and Defendants' litigation of their claims and contentions to the proceeds of the Policy need not further involve NACOLAH.

**IT IS ORDERED THAT:**

A.   Judgment is hereby entered in favor of North American Company for Life and Health Insurance and against Defendants Teresa Ballard, as Personal Representative of the Estate of Evelyn Rose Cain and Patrick K. Cain, on the Complaint of Interpleader;

B.   North American Company for Life and Health Insurance and its owners, successors, assigns, representatives, agents, attorneys, and all of its affiliated companies, including officers, directors, and employees, is hereby released and discharged from any and all liability to Defendants Teresa Ballard, as Personal Representative of the Estate of Evelyn Rose Cain and Patrick K. Cain, and to any person or entity claiming through them;

C.   Defendants Teresa Ballard, as Personal Representative of the Estate of Evelyn Rose Cain and Patrick K. Cain, and any person or entity claiming through them, are permanently and perpetually restrained and enjoined from commencing or prosecuting any proceeding or claim in any federal, state or administrative court or other forum concerning the death benefit proceeds due or payable from North American Company for Life and Health Insurance under Policy No. LBB103070 and on account of the death of Evelyn Rose Cain;

D.   North American Company for Life and Health Insurance is hereby excused from further attendance upon this cause and dismissed with prejudice from this cause with an express finding that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delaying either the enforcement of appeal of this Order or both;

E.   Defendants Teresa Ballard, as Personal Representative of the Estate of Evelyn Rose Cain and Patrick K. Cain, and any person or entity claiming through them, are

required to litigate their entitlement to the proceeds of the Policies among themselves and without further involving North American Company for Life and Health Insurance;

  F. North American Company for Life and Health Insurance is hereby awarded its attorneys' fees and costs, which it incurred in bringing this Complaint of Interpleader in the amount of $3,000.

  G. The Clerk is hereby ordered and directed to draw a check on the funds on deposit in the Court Registry in the amount of $3,000, principal only, and not to include the payment of any interest, as an award of attorneys' fees in connection with the bringing of this action, made payable to "North American Company for Life and Health Insurance," and to mail said funds to its attorney, Jeanne Weaver, HOTZ, WEAVER, FLOOD, BREITREKUTZ & GRANT, 444 Regency Parkway Drive, Suite 310, Omaha, NE 68114.

  DATED this 10th day of May, 2012.

            BY THE COURT:

             s/ Thomas D. Thalken
            United States Magistrate Judge