IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERESA BALLARD, as Personal Representative of the Estate of EVELYN ROSE CAIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PATRICK K. CAIN,<br><br>　　　　Defendant. | 8:11CV411<br><br>ORDER |

　　　　This matter is before the court on two motions. The defendant filed a Motion for Summary Judgment (Filing No. 43) and exhibits (Filing Nos. 40-1, 40-2, 40-3, 40-4) in support of the motion. The plaintiff filed a Motion to Dismiss Defendant's Motion for Summary Judgment (Filing No. 47). Although the defendant has not yet filed a response, the court will address the plaintiff's Motion to Dismiss Defendant's Motion for Summary Judgment.

## BACKGROUND

　　　　On December 20, 2009, Evelyn Rose Cain (Evelyn Rose) died in her home in Omaha, Nebraska. **See** Filing No. 1 - Complaint p. 2. Two days later, on December 22, 2009, Patrick K. Cain (Cain) was charged with "manslaughter for killing [Evelyn Rose] without malice and upon a sudden quarrel or unintentionally while in the commission of an unlawful act." *Id.* Cain entered a plea of no contest to the charge of manslaughter and on April 16, 2011, Cain was found guilty of manslaughter and was sentenced to four to six years of imprisonment. *Id.*

　　　　Prior to Evelyn Rose's death, the North American Company for Life and Health Insurance (North American) issued a life insurance policy, Policy No. LBB0103070 (the Policy), to Evelyn Rose. *Id.* North American issued the Policy on April 16, 2003, for $150,000. *Id.* The Policy listed Cain as the Primary Beneficiary. *Id.* On October 15, 2010, Cain made a claim to the proceeds under the Policy. *Id.* at 3. On September 12, 2011, Teresa Ballard (Ballard), as the personal representative of Evelyn Rose's estate, also made a claim to the proceeds under the Policy. *Id.*

On December 6, 2011, North American, as a disinterested and innocent stakeholder, filed a Complaint of Interpleader naming Ballard, as the personal representative of Evelyn Rose's estate, and Cain as defendants to resolve competing claims to the insurance proceeds payable pursuant to the Policy.  *Id.*  On March 12, 2012, the court granted North American leave to deposit funds of North American's admitted liability under the Policy into the Court Registry.  **See** [Filing No. 14](#) - Order.  Ballard and Cain filed answers and counterclaims against one another for the proceeds.  **See** [Filing No. 6](#) - Ballard's Answer and Counterclaim; [Filing No. 17](#) - Cain's Answer and Counterclaim.  On May 10, 2012, the court entered a Final Decree and Judgment of Interpleader dismissing North American from this matter.  **See** [Filing No. 25](#) - Final Decree.

On March 5, 2013, Cain filed the Motion for Summary Judgment.  **See** [Filing No. 43](#) - Cain's Motion.  On March 28, 2013, Ballard filed the Motion to Dismiss Defendant's Motion for Summary Judgment.  **See** [Filing No. 47](#) - Ballard's Motion.  Ballard contends the court should dismiss Cain's Motion because Cain failed to follow the procedures set forth in the Civil Rules of the United States District Court for the District of Nebraska (NECivR) 7.1 and 56.1.  *Id.* at 1.  Ballard contends Cain failed to submit a proper statement of facts and provide citations to the exact locations in the record supporting factual allegations.  *Id.*  Further Ballard contends Cain failed to file a supporting brief that cites to evidence Cain relies upon, an index of evidence, and an affidavit to authenticate evidence.  *Id.* at 1-2.

## ANALYSIS

Under NECivR 7.1, entitled Motion Practice, "[a]ll miscellaneous motions . . . are filed and considered under this rule.  Unless this rule states otherwise, a party who does not follow this rule may be considered to have abandoned in whole or in part that party's position on the pending motion."  **See** NECivR 7.1.  If a party's motion raises a substantial issue of law, the motion "must be supported by a brief filed and served together with the motion.  The brief must be separate from, and not attached to or incorporated in, the motion."  *Id.*  Additionally, the supporting "brief must not recite facts unless supported as described in Nebraska Civil Rule 7.1(a)(2)."  *Id.*  NECivR 7.1(a)(2) requires a moving party to file and serve supporting evidentiary materials if the motion requires the court to consider factual matters.  *Id.*  The moving party must cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence supporting factual assertions.  *Id.*  The moving party must also provide an affidavit identifying and authenticating any

documents offered as evidence. *Id.* Under NECivR 56.1, entitled Summary Judgment Procedure, a moving party must include a statement of material facts and cite to evidence that supports the material facts. **See** NECivR 56.1. NECivR 56.1 also directs a moving party to follow to procedures set forth in NECivR 7.1. *Id.*

Cain filed his motion, brief supporting the motion, and evidence under one filing number on the court's electronic filing system. **See** [Filing No. 43](#) - Cain's Motion. Cain's motion and brief are incorporated into one document. Although Cain numbered his statement of facts, not all factual allegations are supported by citations to evidence. Additionally, Cain did not file an index of evidence or affidavit authenticating the evidence. With the exception of the noted omissions, Cain generally complied with NECivRs 7.1 and 56.1. Nevertheless, Cain shall correct the deficiencies noted in his motion. Cain shall have until April 22, 2013, to re-file his summary judgment motion in accordance with the procedures set forth in the Civil Rules of the United States District Court for the District of Nebraska. Thereafter, Ballard shall have fourteen (14) days to file a response. Cain may have seven (7) days to file a reply.

**IT IS ORDERED**:

1. The defendant shall have until **April 22, 2013**, to re-file his summary judgment motion correcting the deficiencies noted in this order and in accordance with the Civil Rules of the United States District Court for the District of Nebraska.

2. Ballard shall have fourteen (14) days after Cain re-files his summary judgment motion to file a response. Cain may have seven (7) days to file a reply to Ballard's response.

Dated this 10th day of April, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge